

FILED _____ LODGED
_____ RECEIVED

FEB 1 2 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

Dennis Matheson,

        Plaintiff,

        v.

**Quigg Construction Company;**

**Port of Tacoma,**

        Defendants.

# 26 CV 5130 |DGE

## VERIFIED COMPLAINT

*(Admiralty & Maritime – Rule 9(h))*

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to **28 U.S.C. § 1333**, the general maritime law of the United States, and **Federal Rule of Civil Procedure 9(h)**.

2. The claims arise from events occurring on **navigable waters** of the United States within the Hylebos Waterway, Tacoma, Washington.

3. Venue is proper in this District.

### II. PARTIES

4. Plaintiff Dennis Matheson is a vessel owner and mariner residing in Washington State.

1

5. Defendant Quigg Construction Company ("Quigg") is a marine construction contractor operating barges and vessels in the Hylebos Waterway.

6. Defendant Port of Tacoma ("Port") owns, manages, leases, and controls aquatic lands and authorized Quigg's operations.

## III. FACTUAL ALLEGATIONS

7. Plaintiff lawfully maintained multiple barges and tugboats in the Hylebos Waterway.

8. Quigg operated its own barges pursuant to lease and authorization from the Port.

9. **At the time of the incident, Quigg was not conducting pile driving or pile removal.**

10. Quigg required additional maneuvering room for its own barges.

11. **Without Plaintiff's authorization, Quigg moved Plaintiff's barge(s)** to free space for Quigg's operations.

12. Quigg's insurance correspondence confirms that **Quigg moved Plaintiff's barge,** establishing causation.

13. As a direct result, **two barges sank,** causing damage to a third barge causing extensive damage otherwise.

14. Quigg attempted to raise one of Plaintiff's barges, demonstrating control and acknowledgment of responsibility.

15. Plaintiff personally undertook salvage and cleanup efforts at great personal expense.

## IV. CONTINUING AND ADDITIONAL DAMAGES

16. Plaintiff was **forced to sell the barge *Disawah* for substantially less than fair market value,** receiving approximately **$20,000**.

17. The buyer failed to take possession of the *Disawah* barge.

2

18. The Port of Tacoma was later **granted approximately $460,000 in public funds to seize and destroy the same barge.**

19. The Port's receipt of funds for destruction of property wrongfully displaced by Defendants constitutes **conversion and unjust enrichment.**

20. The buyer required Plaintiff to continue managing the *Disawah* barge, causing further uncompensated loss.

21. Plaintiff still has a **sunken house barge on the bottom**, unrepaired damage to the **Green Giant barge**, and unreimbursed cleanup costs.

22. Plaintiff removed floating debris and hazardous materials to mitigate environmental harm.

23. Defendants' actions constitute a **continuing maritime tort.**

## V. CAUSES OF ACTION

### COUNT I – NEGLIGENCE (MARITIME)

24. Defendants owed Plaintiff a duty of reasonable maritime care.

25. Defendants breached that duty by unauthorized vessel movement and failure to safeguard Plaintiff's property.

26. The breach directly caused Plaintiff's damages.

### COUNT II – MARITIME TRESPASS & CONVERSION

27. Defendants intentionally exercised dominion over Plaintiff's vessels without permission.

28. Such conduct constitutes conversion and trespass under maritime law.

### COUNT III – UNJUST ENRICHMENT

29. Defendants benefited financially, including receipt of **$460,000 in public funds**, arising from Plaintiff's loss.

3

30. Retention of such benefit is inequitable.

## COUNT IV – SPOILATION OF EVIDENCE

31. Defendants authorized destruction or alteration of vessels central to this dispute.

32. Plaintiff has been prejudiced thereby.

## VI. DAMAGES

33. Plaintiff has suffered damages including:

- Loss of vessels and barges

- Forced sale below value

- Salvage and cleanup costs

- Loss of use and income

- Uncompensated labor

- Continuing property damage

- Pre- and post-judgment interest

34. Damages exceed **$75,000**.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Judgment in Plaintiff's favor

B. Compensatory damages

C. Equitable and injunctive relief

D. Costs and interest

E. Any further relief the Court deems just

## VIII. VERIFICATION

4

I declare under penalty of perjury that the foregoing is true and correct.

**Dennis Matheson**

Plaintiff, Pro Se

**Date:** Feb 12 2026

927 East Market st.
Aberdeen WA 98520

5