THE HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Dennis Matheson,<br><br>                          Plaintiff;<br><br>v.<br><br>Quigg Construction Company; and<br>Port of Tacoma<br><br>                          Defendants. | Case No.: 3:26-cv-05130-DGE<br><br>**DEFENDANT QUIGG BROS.,<br>INC.'S ANSWER TO COMPLAINT** |

COMES NOW defendant Quigg Bros., Inc. (hereafter "Quigg") in answer to the complaint of plaintiff Dennis Matheson, state and allege as follows:

## I.    JURISDICTION AND VENUE

1.    Answering the allegations of paragraph 1, Quigg notes that this is an issue of law to be determined by the Court. To the extent the Court requires an answer to the jurisdictional allegations, Quigg admits same.

2.    Answering the allegations of paragraph 2, Quigg notes that this is an issue of law to be determined by the Court. To the extent an answer is required, Quigg admits the Hylebos Waterway in Tacoma, Washington is a navigable waters of the United States.

3.    Answering the allegations of paragraph 3, Quigg notes that this is an issue of

ANSWER - 1
Case No.  3:26-cv-05130-DGE

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON  98121
TELEPHONE:  (206) 443-3400

law to be determined by the Court. To the extent an answer is required, Quigg admits same.

## II.    PARTIES

4. Answering the allegations of paragraph 4, Quigg admits on information and belief that Matheson is a vessel owner who resides in Washington State.  Except as admitted, Quigg denies the remaining allegations based on a lack of information.

5. Answering the allegations of paragraph 5, Quigg admits that Quigg Bros., Inc. operates barges and tugs in the Hylebos Waterway. Except as admitted, the remaining allegations of paragraph 5 are denied.

6. Answering the allegations of paragraph 6, Quigg admits Port of Tacoma owns facilities on the Hylebos Waterway.  Quigg also admits that the Port of Tacoma leases dock space to Quigg and that Quigg operates legally at the leased facility. Except as admitted, the remaining allegations of paragraph 6 are denied.

## III.    FACTUAL ALLEGATIONS

7. Answering the allegations of paragraph 7, Quigg admits that plaintiff has multiple barges and tugs in the Hylebos Waterway.  Except as admitted, the remaining allegations of paragraph 7 are denied.

8. Answering the allegations of paragraph 8, Quigg also admits that the Port of Tacoma leases dock space to Quigg and that Quigg operates legally at the leased facility. Except as admitted, the remaining allegations of paragraph 8 are denied.

9. Answering the allegations of paragraph 9, Quigg denies based on a lack of information on the date and time of the incident which is not defined.

10. Answering the allegations of paragraph 10, Quigg denies based on a lack of information on the date and time of the incident which is not defined.

11. Answering the allegations of paragraph 11, Quigg denies it ever moved Plaintiff's barge(s) without permission. Quigg denies the remaining allegations based on a lack of information on the date and time of the incident which is not defined.

12. Answering the allegations of paragraph 12, Quigg admits that it moved

ANSWER - 2
Case No.  3:26-cv-05130-DGE

plaintiff's barge with permission of plaintiff.  Quigg denies that causation of anything has been established.

13.    Answering the allegations of paragraph 13, Quigg denies that any of its activities caused any damage to plaintiff's barges.

14.    Answering the allegations of paragraph 14, Quigg denies same.

15.    Answering the allegations of paragraph 15, Quigg denies same.

### IV.    CONTINUING AND ADDITIONAL DAMAGES

16.    Answering the allegations of paragraph 16, Quigg denies same.

17.    Answering the allegations of paragraph 17, Quigg denies based on a lack of information.

18.    Answering the allegations of paragraph 18, Quigg admits based on information and belief that the Port of Tacoma pursuant to RCW 79.100 obtained authorization to remove and dispose of the *Disawah* barge. All allegations not specifically admitted are denied.

19.    Answering the allegations of paragraph 19, Quigg denies same.

20.    Answering the allegations of paragraph 20, Quigg denies based on a lack of information.

21.    Answering the allegation of paragraph 21, Quigg denies based on a lack of information

22.    Answering the allegation of paragraph 22, Quigg denies based on a lack of information.

23.    Answering the allegations of paragraph 23, Quigg denies same.

### V.    CAUSES OF ACTIONS

COUNT I – NEGLIGENCE (MARITIME)

24.    Answering the allegations of paragraph 24, Quigg notes that this is an issue of law to be determined by the Court.  To the extent an answer is required, Quigg admits it owes a duty to use reasonable care in its operations.  Except as admitted, the remaining allegations of paragraph 24 are denied.

ANSWER - 3
Case No.  3:26-cv-05130-DGE

25.    Answering the allegations of paragraph 25, Quigg denies same.

26.    Answering the allegations of paragraph 26, Quigg denies same.

COUNT II – MARITIME TRESPASS & CONVERSION

27.    Answering the allegations of paragraph 27, Quigg denies same.

28.    Answering the allegations of paragraph 28, Quigg notes that this is a legal conclusion to be determined by the Court. To the extent an answer is required, Quigg denies same.

COUNT III – UNJUST ENRICHMENT

29.    Answering the allegations of paragraph 29, Quigg denies it received $460,000 in public funds.  Quigg further denies that any funds received from the Port of Tacoma arose from plaintiff's loss.

30.    Answering the allegations of paragraph 30, Quigg denies same.

COUNT IV – SPOILATION OF EVIDENCE

31.    Answering the allegations of paragraph 31, Quigg denies that it authorized destruction of any vessel owned by plaintiff.

32.    Answering the allegations of paragraph 32, Quigg denies that it has prejudiced plaintiff.

## VI – <u>DAMAGES</u>

33.    Answering the allegations of paragraph 33, Quigg denies, including all subparts.

34.    Answering the allegations of paragraph 34, Quigg denies same.

By way of further answer, defendant states and alleges as follows:

1.    Quigg reincorporates the foregoing *Answer* as an affirmative defense.

2.    Plaintiff's *Complaint* fails due to improper service and/or improper process.

3.    To the extent Plaintiff has previously litigated the issues and claims raised in his *Complaint*, the claims and issues are barred by the doctrines of res judicata and collateral

ANSWER - 4
Case No.  3:26-cv-05130-DGE

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON  98121
TELEPHONE:  (206) 443-3400

estoppel.

4.      Plaintiff has failed to state a claim on which relief can be granted in one of more of his causes of action or claims for relief.

5.      Plaintiff's alleged injury, if any, was caused by the action or inaction of third parties other than defendant Quigg Bros, Inc.

6.      Plaintiff's claims are barred by the doctrine of unclean hands.

7.      Plaintiff has a duty to mitigate his damages, if any, and to the extent he has not, his recovery, if any, must be reduced accordingly.

8.      Plaintiff's damages, if any, were caused or enhanced by his own fault and plaintiff's recovery should be barred or reduced accordingly.

9.      Plaintiff's causes of action are not supported legally or factually in the manner anticipated by Rule 11.

10.     Plaintiff claims are barred under the doctrine of laches. Upon information and belief, plaintiff knew (or should have known) about defendant Quigg's alleged misconduct, which is herein denied, for a substantial time before initiating this action. As a result of plaintiff's delay defendant Quigg has been prejudiced and this matter must be dismissed.

11.     Defendant reserves the right to amend and/or add to these affirmative defenses as discovery continues.

ANSWER - 5
Case No.  3:26-cv-05130-DGE

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON  98121
TELEPHONE:  (206) 443-3400

## **PRAYER FOR RELIEF**

Wherefore, defendant Quigg Bros., Inc. prays:

1. That plaintiff's *Complaint* be dismissed with prejudice and that he takes nothing thereby;

2. That final judgment be entered in favor of defendant Quigg Bros., Inc. on all claims and causes of action against it;

3. That defendant Quigg Bros., Inc. be awarded costs and fees against plaintiff; and

4. For such other relief as this Court deems just.

DATED this Friday, April 03, 2026.

BAUER MOYNIHAN & JOHNSON LLP


*/s/ Donald K. McLean*
Donald K. McLean, WSBA No. 24158

*/s/ John Michael-Maxwell*
John-Michael Maxwell, WSBA No. 60289
Attorneys for Defendants
2101 Fourth Avenue, Suite 2400
Seattle, WA  98121
Telephone: (206) 443-3400
Fax: (206) 448-9076
Email: dkmclean@bmjlaw.com
          jmaxwell@bmjlaw.com

ANSWER - 6
Case No.  3:26-cv-05130-DGE

CERTIFICATE OF SERVICE

I declare under penalty of perjury of the laws of the State of Washington that on April 3, 2026, I electronically served the above document using the PACER E-File system which will send notification of such filing to the below, and by the additional methods indicated:

| Plaintiff | |
|---|---|
| Dennis Matheson | [  ] U.S. MAIL |
| 927 East Market St | [  ] HAND DELIVERY |
| Aberdeen, WA 98520 | [  ] FACSIMILE |
| (253) 229-5338 | [  ] EMAIL |
| coastconsls@gmail.com | |

| Defendant Port of Tacoma | |
|---|---|
| Heather L Burgess | [  ] U.S. MAIL |
| Christopher Pierce-Wright | [  ] HAND DELIVERY |
| Dickson Frohlich Phillips Burgess PLLC | [  ] FACSIMILE |
| 909 A St, Ste 900 | [  ] EMAIL |
| Tacoma, WA 98402 | |
| Phone: 253-572-1000 | |
| Fax: 253-572-1300 | |
| cpiercewright@dfpblaw.com | |
| hburgess@dfpblaw.com | |

Raymond S. Weber
John Fetters
McKenzi Hoover
Stokes Lawrence P.S.
1420 Fifth Avenue, Ste 3000
Seattle, WA 98101-2393
Phone: (206) 626-6000
Fax: (206) 464-1496
Ray.Weber@stokeslaw.com
John.Fetters@stokeslaw.com
McKenzi.Hoover@stokeslaw.com

/s/ Sam Pearce
Sam Pearce
Email: spearce@bmjlaw.com

ANSWER - 7
Case No.  3:26-cv-05130-DGE

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON  98121
TELEPHONE:  (206) 443-3400