UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS MATHESON,<br>Plaintiff,<br>v.<br>QUIGG CONSTRUCTION COMPANY et al.,<br>Defendants. | CASE NO. 3:26-cv-05130-DGE<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 30) |

Before the Court is Plaintiff Dennis Matheson's motion to appoint counsel. (Dkt. No. 30.) For the reasons discussed herein, the motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2026, Plaintiff, proceeding pro se and *in forma pauperis* ("IFP") filed a complaint in this Court. (Dkt. No. 3.) Plaintiff's claims stem from damage caused to Plaintiff's barge, the *Disawah*, at the mouth of the Hylebos Waterway in Tacoma. Plaintiff alleges this damage was caused by Defendants Quigg Construction Company ("Quigg") and the Port of

Tacoma ("the Port"). (*Id.*) Plaintiff asserts causes of action for (1) negligence; (2) maritime trespass and conversion; (3) unjust enrichment; and (4) spoilation of evidence. (*Id.* at 3–4.)

On July 13, 2026, Plaintiff filed the instant motion to appoint counsel. (Dkt. No. 30.) Plaintiff claims he has attempted to obtain counsel but has been unable to do so due to financial limitations. (*Id.*)

## II. LEGAL STANDARD

There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, pursuant to 28 U.S.C. § 1915(e)(1), a court may exercise discretion and request an attorney to represent "any person unable to afford counsel." Such discretion should only be exercised under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional circumstances exist, a court must consider: (1) a plaintiff's "likelihood of success on the merits" and (2) whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Neither of these considerations is dispositive and instead must be viewed together. *Palmer*, 560 F.3d at 970.

## III. DISCUSSION

The Port contends Plaintiff's claims against it are not likely to succeed because Plaintiff's complaint does not set forth facts suggesting the Port had any involvement in the course of events that resulted in the damage to Plaintiff's barge.[1] (Dkt. No. 31 at 3.) Quigg argues Plaintiff's claims against it will not succeed because the barges in question were not properly

[1] In its response to Plaintiff's motion, the Port asks the Court to dismiss Plaintiff's claims against it for this reason. (Dkt. No. 31 at 4–5.) To the extent the Port believes Plaintiff's complaint fails to state a claim, the Port should immediately file a motion to dismiss pursuant to the applicable rules so the Court may evaluate the Port's position.

maintained and sank of their own accord. (Dkt. No. 32 at 2.) The Court cannot ascertain the strength of Plaintiff's claims or Defendants' arguments at this early stage, and therefore cannot evaluate Plaintiff's likelihood of success on the merits.

Based on the limited record presented, the Court is unable to conclude Plaintiff lacks the ability to pursue his claims with diligence, to respond to Defendants' motions, or to seek necessary relief by filing his own motions. While Plaintiff would likely benefit from the assistance of counsel, he thus far appears capable of articulating his claims.

Accordingly, Plaintiff fails to establish exceptional circumstances supporting appointment of counsel. Plaintiff's motion (Dkt. No. 30) is DENIED.

Dated this 14th day of August, 2026.

David G. Estudillo
United States District Judge