UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS MATHESON,<br>Plaintiff,<br>v.<br>QUIGG CONSTRUCTION COMPANY et al.,<br>Defendants. | CASE NO. 3:26-cv-05130-DGE<br><br>ORDER ON MOTION TO STRIKE JURY DEMAND (DKT. NO. 34) |

Before the Court is Defendant Quigg Bros., Inc.'s motion to strike Plaintiff's jury demand. (Dkt. No. 34.) Under Federal Rule of Civil Procedure 38(b)(1), on any issue triable of right by a jury, a party may demand a jury trial by serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served. Pursuant to Rule 39(b), "[i]ssues on which a jury trial is not properly demanded are to be tried by the court."

Plaintiff's complaint, filed on February 17, 2026, does not include a jury demand. (*See* Dkt. No. 3.) Defendant contends the last pleading directed to the issue was Plaintiff's Answer

and Affirmative Defenses filed on May 26, 2026. (Dkt. No. 21.) Defendant argues the deadline for Plaintiff to demand a jury trial was June 9, 2026, and that by not properly serving and filing such a demand, Plaintiff has waived it. *See* Fed. R. Civ. P. 38(d). Plaintiff has not responded to Defendant's motion.

On June 2, 2026, during the Rule 26(f) conference, Plaintiff submitted a proposed joint status report in which he requested "a jury trial on all issues so triable." (Dkt. No. 34-2 at 4.) In the joint status report submitted by the parties on June 24, 2026 (Dkt. No. 27 at 6–7), Plaintiff requested a jury trial. "[T]he purpose of a jury demand is to inform the court and opposing counsel that certain issues will be tried to a jury." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1065 (9th Cir. 2005). The Court will "indulge every reasonable presumption against waiver" of the jury trial right and will accept jury demands "that fall far short of the ideal." *Id.* at 1064.

Defendant argues that even if Plaintiff timely filed his jury demand, he is not entitled to a jury trial in a case brought pursuant to the Court's admiralty jurisdiction. (Dkt. No. 34 at 3–4.) Plaintiff asserts this Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1333 and the general maritime law of the United States. (Dkt. No. 3 at 1.) Under § 1333(1), district courts have jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The "saving-to-suitors" clause establishes the right of a party "to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty jurisdiction exist." *Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th Cir. 1991). Under Rule 9(h), if a claim falls "within the admiralty or maritime jurisdiction and [is] also

within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim."

"[A] plaintiff with in personam maritime claims has three choices: He may file suit in federal court under the federal court's admiralty jurisdiction, in federal court under diversity jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state court." *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997). "The difference between these choices is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court." *Id.*

Here, Plaintiff has filed a suit in federal court under the federal court's maritime jurisdiction and does not claim any other basis for jurisdiction. Accordingly, even if Plaintiff has properly demanded a jury trial, he is not entitled to one in a case brought under the Court's general admiralty jurisdiction. Defendant's motion to strike Plaintiff's jury demand (Dkt. No. 34) is therefore GRANTED. Should this matter proceed to trial, trial will be conducted without a jury.

Dated this 8th day of September, 2026.

David G. Estudillo
United States District Judge